UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Darryl Hendrickson,

    Plaintiff,

v.                             Civil No. 5:18–cv–158-gwc-jmc

Vermont Department of Corrections;
Giovanna Zaccaria; Rick Burns, CCW;
and Emily Tredeau, Esq.,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 1)

Darryl Hendrickson, proceeding *pro se*, has filed a form Application for Leave to Proceed *in forma pauperis*, seeking to proceed in district court without prepaying fees or costs. (Doc. 7.) In a separate order, this Court has granted Hendrickson's Application. For the reasons set forth below, however, I recommend that Hendrickson's complaint (Doc. 1) be DISMISSED and that Hendrickson be granted leave to amend his Complaint.

In his Complaint, Hendrickson states that he is an inmate in the custody of the Vermont Department of Corrections (DOC) and that he is currently being housed by the Pennsylvania Department of Corrections. (*Id.* at 3, ¶ 3.) He alleges that the DOC has "violat[ed] [his] constitutional civil rights" by detaining him beyond his minimum release date on June 22, 2018, by denying him "[a] chance to see the Parole Board," and by keeping him from his loved ones and future employment. (*Id.* at 2–3, ¶¶ 1–2.) As defendants, Hendrickson names the DOC;

Giovanna Zaccaria; Rick Burns; and Emily Tredeau, an attorney with the Prisoner's Rights Office of the Vermont Defender General. For relief, Hendrickson seeks immediate release from custody, his sentence "overturn[ed]," and $75,000 in damages. (*Id.* at 3, ¶¶ 4, 5)

## Discussion

### I. Civil Rights Claims

Because Hendrickson proceeds *in forma pauperis*, the Court must conduct an initial screening of his Complaint under 28 U.S.C. § 1915(e)(2)(B), to ensure that his allegations meet certain requirements. As a *pro se* plaintiff, the Court is required to read Hendrickson's Complaint liberally and to construe the Complaint to raise the strongest possible argument. *Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Nevertheless, the Court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In evaluating whether a complaint fails to state a claim, the court tests the pleading for "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Here, Hendrickson's Complaint indicates that he proceeds under 29 U.S.C.A. § 1854, which provides legal rights for migrant and seasonal agriculture workers, not inmates. Given the Complaint's focus on Hendrickson's civil rights, however, the Court construes Hendrickson's Complaint as a civil rights action brought under 42 U.S.C. § 1983, which allows a plaintiff to bring a private cause of action against a defendant who, acting pursuant to state law, deprived the plaintiff of a right secured by the U.S. Constitution or federal law.[1] *See West v. Atkins*, 487 U.S. 42, 48 (1988). A § 1983 claim contains two elements: "[A] plaintiff must allege [(1)] the violation of a right secured by the Constitution and laws of the United States, and [(2)] must show that the alleged deprivation was committed by a person acting under color of state law." *Id.*

With these standards in mind, I address numerous identifiable deficiencies in Hendrickson's Complaint.

### A.   Failure to Allege a Violation of a Constitutional Right

The most significant flaw in the Complaint is that Hendrickson does not plausibly allege a violation of a constitutional right.

---

[1] Specifically, 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

3

As a general matter, Hendrickson has no constitutional right to a parole hearing, nor does he have any constitutional right to be released on parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Lichtenthal v. Cortese*, No. 3:07cv957 (SRU), 2007 WL 2049544, at *1 (D. Conn. July 13, 2007) (stating inmate had "no constitutionally protected right to be released on parole" and "no right to any particular form of parole release hearing"). This Court has concluded, however, that the Vermont parole laws create a protected liberty interest in parole for Vermont inmates; as a result, prior to being denied early release on parole, Hendrickson was entitled to adequate due process protections under the Fourteenth Amendment.[2] *Rheaume v. Pallito*, Civil Action No. 5:11-CV-72, 2012 WL 6642706, at *7 (D. Vt. Nov. 15, 2012), *report and recommendation adopted*, 2012 WL 6642683 (D. Vt. Dec. 20, 2012) (concluding Vermont parole statutes provided protected liberty interest in being released on parole). But Hendrickson's Complaint does not contain any factual allegations addressing whether or not he was afforded procedural safeguards prior to being denied parole. Indeed, the Complaint does not even indicate whether he received a parole release hearing or whether Hendrickson was eligible for parole. Accordingly, Hendrickson's Complaint fails to plausibly allege constitutional violations arising from the denial of his early release on parole.

---

[2] In order to prevail on a Fourteenth Amendment due process claim, a plaintiff must prove that he or she (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient procedural safeguards. *See Tellier v. Fields*, 280 F.3d 69, 79–80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998).

4

Similarly, with regard to Hendrickson's claim that he was kept "away from work" (Doc. 1 at 3, ¶ 2), the Complaint is devoid of any allegations relating to Hendrickson's employment prospects and, in any case, "[i]t is well settled that inmates do not have a liberty or property interest in their ability to conduct business while incarcerated." *Jordan v. Garvin*, No. 01CIV4393LTSGWG, 2004 WL 302361, at *5 (S.D.N.Y. Feb. 17, 2004).

On the other hand, Hendrickson's claims that his continued incarceration has caused his marriage to suffer and that he cannot connect with his loved ones do at least implicate a recognized constitutional right. *See Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) ("[I]t is clear that prisoners have a fundamental right to marry."). But "this constitutionally protected guarantee is substantially limited as a result of incarceration." *Id.* As relevant here, the administrative concerns of the prison system plainly "preclude a prisoner from retaining a fundamental right to cohabitate with his or her spouse" or from possessing the right to live with his or her loved ones while incarcerated. *Id.* at 137. Accordingly, Hendrickson has not plausibly alleged a constitutional violation based on these grounds.

Finally, to the extent that Hendrickson seeks to be released from custody early and to have his sentence overturned (Doc. 1 at 3, ¶ 4), a civil rights action under § 1983 is not the appropriate vehicle. The Supreme Court has held that a habeas corpus petition under 28 U.S.C. § 2254—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment and seeks immediate or early release. *See Preiser v. Rodriguez*, 411

5

U.S. 475, 488–90 (1973); *see also Channer v. Mitchell*, 43 F.3d 786, 787–88 (2d Cir. 1994).[3]

Accordingly, because Hendrickson has failed to allege a constitutional violation,[4] he has not plausibly set forth a claim under 42 U.S.C. § 1983.

### B.     Official Sovereign Immunity

Even if Hendrickson plausibly alleged a constitutional violation, sovereign immunity bars his claims for damages against the Vermont DOC and, to the extent they acted in their official capacity, Zaccaria and Burns.

Hendrickson seeks the imposition of money damages from the Vermont DOC and apparently the individual defendants, presumably in their official capacity. (*See* Doc. 1 at 3, ¶ 5.)  But those claims are barred by the Eleventh Amendment, which has been construed to provide sovereign immunity to states and state agencies "from suits brought by private parties in federal court." *In re Charter Oak Assocs.,* 361 F.3d 760, 765 (2d Cir. 2004) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)); *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).  In addition to shielding state agencies, sovereign

---

[3] Moreover, Hendrickson's Complaint provides no evidence that he has exhausted state administrative remedies; therefore, even if the Court were to construe his Complaint as a habeas corpus proceeding under 28 U.S.C. § 2254, the Complaint should be dismissed.  *See Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994).

[4] To the extent that Hendrickson's Complaint contains allegations of "fraud," "kidnapping," and "conspiracy," he does not allege any facts connecting these claims to a constitutional harm.  (Doc. 1 at 2–3, ¶ 2.)  And such common law torts do not "give rise to a § 1983 action unless the commission of the tort also violates a right guaranteed plaintiff under the Constitution or federal statute." *Rodriguez v. Phillips*, 66 F.3d 470, 476 (2d Cir. 1995).

immunity "protects state officials sued for damages in their official capacity." *Minotti v. Lensink*, 798 F.2d 607, 609 (2d Cir. 1986) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted).[5]

There are two exceptions to the sovereign-immunity doctrine. First, a state can choose to waive its sovereign immunity under the Eleventh Amendment by "mak[ing] a 'clear declaration' that it intends to submit itself to [a federal court's] jurisdiction," *In re Charter Oaks Assocs.*, 361 F.3d at 767 (second alteration in original) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999)), or "by voluntarily invoking federal jurisdiction, as when the state itself brings a federal suit or removes a case from state to federal court." *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). Second, "Congress by statute may abrogate state immunity." *Id.*; *see also Mich. Dep't of State Police*, 491 U.S. at 66 ("The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." (citation omitted)).

Here, these exceptions do not apply. First, Vermont has not waived its immunity through an express declaration. *See Thompson v. Pallito*, 949 F. Supp. 2d

---

[5] The Eleventh Amendment does not bar claims against state officials in their individual capacities. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993).

558, 572 ("Vermont has not waived its sovereign immunity under § 1983." (citing Vt. Stat. Ann. tit 12, § 5601(g))). Further, Vermont has not invoked federal jurisdiction by initiating this case in federal court or removing the case. The second exception also does not apply because Congress has not abrogated Vermont's immunity by statute. *See Muhammad v. Gold*, No. 1:05–CV–146, 2007 WL 3088133, at *2 (D. Vt. Oct. 23, 2007) ("There is no indication in 42 U.S.C. § 1983 that Congress intended to abrogate state sovereign immunity, and the Supreme Court has specifically held that Congress did not intend to override well-established immunities such as state sovereign immunity when it enacted § 1983."); *see also Quern v. Jordan*, 440 U.S. 332, 340–41 (1979). Accordingly, Hendrickson's claim for money damages against the Vermont DOC is barred by sovereign immunity under the Eleventh Amendment.

To the extent that Hendrickson alleges official-capacity claims against Defendants Zaccaria and Burns, those claims are also barred by the Eleventh Amendment. Sovereign immunity shielding a state against suit "remains in effect when [s]tate officials are sued for damages in their official capacity." *Kentucky*, 473 U.S. at 169 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)). Accordingly, although Hendrickson's Complaint does not specifically allege that Zaccaria and Burns are state officials, assuming so based on his allegations,[6] sovereign immunity shields Zaccaria and Burns in their official capacities from any claim for damages.

---

[6] As set forth below, to the extent that Hendrickson sues Zaccaria and Burns in their personal capacities, he fails to allege their personal involvement in the alleged constitutional violation.

### C.     Claims against Attorney Tredeau

Hendrickson's § 1983 claim against Attorney Emily Tredeau of the Prisoner's Rights Office fails in two respects: first, his Complaint is utterly devoid of any claim showing Attorney Tredeau's personal involvement in the alleged constitutional deprivation; second, Attorney Trudeau is not a state actor pursuant to 42 U.S.C. § 1983.

In order to state a claim for relief under § 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). An examination of Hendrickson's Complaint reveals nothing about Attorney Tredeau's involvement in the purported constitutional violation. Instead, the only allegation relating to Attorney Tredeau is that she represented Hendrickson in his "PCR" action (a presumed reference to a post–conviction relief petition) (*see* Doc. 1 at 3, ¶ 5), an allegation that is insufficient to establish Attorney Tredeau's personal involvement.

Hendrickson's claim against Tredeau also fails as a matter of law because she is not a state actor. As set forth above, to state a claim under § 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Rae v. County of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999)). It is well settled that defense attorneys, even

9

if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) ("[A] court-appointed criminal defense attorney does not act under color of state law when representing a client."); *Delaraosa v. Serita*, No. 14–CV–737 (MKB), 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014) ("It is well established that court-appointed attorneys, including attorneys associated with a legal aid organization, do not act under color of state law when performing traditional functions of counsel."); *Shorter v. Rice*, No 12–CV–0111 (JFB)(ETB), 2012 WL 1340088, at *4 (E.D.N.Y. Apr.10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."). Accordingly, Hendrickson's § 1983 claim against Attorney Tredeau fails as a matter of law, and this claim should be dismissed.

### D.     Claims against Zaccaria and Burns

The Court also concludes that Hendrickson's claims against Zaccaria and Burns fail on two grounds: (1) the allegations completely fail to satisfy the basic pleading standards in Fed. R. Civ. P. 8.; and (2) Hendrickson fails to plausibly claim that Zaccaria and Burns were personally involved in the alleged constitutional violation.

A court's initial review of a complaint under 28 U.S.C. § 1915(e)(2)(B) must also encompass the applicable standards of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, and a short and plain statement of the claim showing an entitlement to relief; also, each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8. A complaint that fails to comply with Rule 8 should be dismissed, as it "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of the[] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

In this case, Hendrickson's claims against Zaccaria and Burns do not satisfy the basic pleading standard of Rule 8, as the claims consist largely of conclusory statements that Hendrickson was not released at his minimum release date and that "they didn't g[i]ve me the chance to see the Parole Board." (Doc. 1 at 2, ¶ 1.) The Complaint fails to allege what role Burns and Zaccaria played in denying Hendrickson's release, when or in what manner the denial occurred, or even whether Hendrickson was eligible for parole consideration. Further, because the Complaint fails to provide any allegation connecting Burns and Zaccaria to the alleged constitutional violation, Hendrickson has failed to plausibly allege their personal involvement. *See Farid*, 593 F.3d at 249.

In sum, for the reasons discussed above, I recommend that Plaintiff's Complaint be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## II. Leave to Amend

Hendrickson should, however, be granted leave to amend as the Second Circuit has cautioned that a district court "should not dismiss a *pro se* complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

In the event Hendrickson chooses to file an amended complaint, he must comply with the Federal Rules of Civil Procedure, including Rule 8's requirement that the complaint state the grounds for the court's jurisdiction and a cause of action. *See* Fed. R. Civ. P. 8(a)(1). Any amended complaint must also comply with Rule 10's requirements that the complaint include a caption with the court name, the case number, and the names of the parties, and that each paragraph be numbered and allege a single set of facts. *See* Fed. R. Civ. P. 10(a), (b). Finally, the amended complaint must comply with Rule 11's requirements: it must be signed by Hendrickson, if he has no attorney; it must state Hendrickson's mailing address, e-mail address, and telephone number; and its factual allegations must either have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(a), (b)(3). For further reference, Hendrickson may consult the Court's Representing Yourself as a *Pro Se* Litigant Guide, available at http://www.vtd.uscourts.gov/sites/vtd/files/ProSeGuide113015.pdf.

## Conclusion

For these reasons, I recommend that Hendrickson's proposed Complaint (Doc. 1) be DISMISSED with leave to amend within 30 days of the Court's order on this Report and Recommendation. In the event an Amended Complaint is not filed within 30 days of the Court's order on this Report and Recommendation, this matter should be closed.

Dated at Burlington, in the District of Vermont, this 24th day of January 2019.

<u>/s/ John M. Conroy</u>
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).